## THE LAKE GRADAN.

### MURPHY v. FEDERAL SUGAR REFINING CO.

(District Court, E. D. New York. January 21, 1921.)

**Collision ⬅➡71(2)—Navigation held negligent.**

A steamship, which grounded within 50 feet of the consignee's wharf, where she was to discharge, and in pulling off went ahead at full speed, and continued such speed until she ran into another vessel at the wharf 150 feet away, *held* solely in fault for the collision. The failure of the consignee to provide a berth which the ship could safely reach *held* not a proximate cause of the collision.

In Admiralty. Suit for collision by Daniel J. Murphy, owner of the barge No. 65, against the steamship Lake Gradan, with the Federal Sugar Refining Company impleaded. Decree for libelant against the Lake Gradan.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Macklin, Brown, Purdy & Van Wyck, of New York City, for libelant.

Leroy W. Ross, of Brooklyn, N. Y. (Robert Phillips and John Hunter, Jr., both of New York City, and Arthur J. Longfellow, of counsel), for claimant.

Ernest A. Bigelow, of New York City, for impleaded respondent.

GARVIN, District Judge. This libel has been filed by the owner of barge No. 65 to recover for damages sustained by that barge when she was struck and injured by the Lake Gradan, a vessel owned by the respondent.

The undisputed facts show that on April 18, 1919, the Lake Gradan, laden with a cargo of sugar consigned to the Federal Sugar Refining Company at Yonkers, N. Y., was proceeding under its own steam in charge of a Sandy Hook pilot up the Hudson river to Yonkers, for the purpose of discharging its cargo at the wharf of the Federal Sugar Refining Company. Arriving at about 8 o'clock in the evening, the Lake Gradan, about to dock, ran aground at a point approximately 50 feet from the wharf of the Sugar Refining Company, and about 150 feet from the barge No. 65, which was moored at a wharf of the latter company, just north. The Lake Gradan first went astern; still aground, a 6-inch line was put from her bow aft to the dock, and she went ahead at full speed. Very shortly her line parted and she drove forward into barge No. 65.

After the libel was filed, the respondent brought in by petition the Federal Sugar Refining Company, claiming that the latter was responsible for the accident for failing to provide a safe berth for the Lake Gradan. While the Refining Company was under a duty to furnish such a safe berth, and under ordinary circumstances would be held responsible for any damage to a vessel going aground as did the Lake Gradan, the testimony discloses that after the line was put out to the dock the engines of the Lake Gradan, going ahead at full speed, cleared her from the obstruction on the bottom, and that thereafter for an appreciable period of time she continued at full speed ahead. Under this state of facts it cannot be held that the Sugar Refining Company must respond for the damage to the barge. Such damage is too remote to be chargeable against the Sugar Refining Company. The negligence which was the proximate cause of the accident was that of the respondent, in keeping the engines of the Lake Gradan at full speed ahead, after the boat had floated, until a 6-inch manila hawser broke, with a barge only 100 to 150 feet off her bow.

The petition of the respondent the United States Shipping Board must be denied, and the libel dismissed as to the Sugar Refining Company. There will be a decree against the United States Shipping Board, with the usual reference to compute the damages.